UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:10CV-P596-S

**GEORGE H. AUBREY, SR.**                                                                          **PLAINTIFF**

**v.**

**HARDIN COUNTY DETENTION CENTER**                        **DEFENDANT**

**MEMORANDUM OPINION**

      Unrepresented by counsel, Plaintiff, George H. Aubrey, Sr., filed this action pursuant to 42 U.S.C. § 1983. By Order entered October 20, 2010, the Court directed Plaintiff to resubmit his complaint on the Court's approved 42 U.S.C. § 1983 form and to either pay the filing fee or complete and return the prisoner application to proceed without prepayment of fees. Plaintiff was given 30 days to comply. A review of the docket sheet shows that Plaintiff has not complied with the Court's Order.

      Although courts should construe the pleadings of a *pro se* litigant liberally, it is within a court's discretion to require *pro se* litigants to use its pre-approved forms. *See Daily v. Municipality of Adams County*, 117 F. App'x 669, 672 (10th Cir. 2004). Federal Rule of Civil Procedure 83 allows local rules imposing form requirements to be enforced unless the failure to comply is "nonwillful." Fed. R. Civ. P. 83(a)(2). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than

a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, Plaintiff's failure to comply with the Court's Order shows a failure to pursue his case that is willful. Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc: Plaintiff, *pro se*

4411.008